UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DALE A. GRAU, | ) |
|       Plaintiff, | ) |
| v. | ) No. 2:22-cv-00382-JPH-MG |
| STEVE KALLIS, et al., | ) |
|       Defendants. | ) |

**Order Granting Motion to Proceed *In Forma Pauperis*,
Dismissing Complaint and Directing Filing of Amended Complaint**

Plaintiff Dale Grau is a prisoner currently incarcerated at the United States Penitentiary in Terre Haute, Indiana (USP Terre Haute). He filed this civil action alleging that he was improperly placed in segregation. In this Order, Mr. Grau's motion for leave to proceed *in forma pauperis* is granted and, because he is a "prisoner," this Court screens the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Motion to Proceed *In Forma Pauperis***

The plaintiff's motion to proceed *in forma pauperis*, dkt. [2], is **granted** to the extent that the plaintiff is assessed an initial partial filing fee of Seven Dollars and Fifty Cents ($7.50). *See* 28 U.S.C. § 1915(b)(1). The plaintiff shall have **through October 12, 2022**, in which to pay this sum to the clerk of the district court.

The plaintiff is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C.

§ 1915(b)(2). After the initial partial filing fee is received, a collection order will be issued to the plaintiff and the plaintiff's custodian.

## II. Screening

### A. Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

### B. The Complaint

Mr. Grau sues Warden Steve Kallis and Dr. Linda Davis. He alleges that, on April 7, 2022, he was removed from the Challenge Unit Program based on false accusations by other inmates and Dr. Davis. He was then placed in segregation on May 4, 2022. He has asked Warden Kallis to correct this, but the Warden has not done so. He states that Dr. Davis and Warden Kallis's actions have "placed an undue label" on him and prevented him from completing the Challenge Unit

Program and a psych class. He also alleges that these actions have caused other staff to retaliate against him. He has been in segregation for four months and will be transferred out.

### C. Discussion

Based on the screening standard set forth above, Mr. Grau's complaint must be dismissed. As to his due process claim, Mr. Grau has not plausibly alleged a deprivation of any protected liberty interest. The Due Process Clause applies only to deprivations of life, liberty, and property. *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). A protected liberty interest "is triggered only when the confinement imposes 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Lisle v. Welborn*, 933 F.3d 705, 721 (7th Cir. 2019) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "[B]oth the duration *and* the conditions of the segregation must be considered" in determining whether due process is implicated. Here, Mr. Grau's allegations that he has been held in segregation for four months with no description of the conditions in segregation are insufficient to show an atypical or significant hardship. *Lisle*, 933 F.3d at 721 (four months in segregation for discovery of contraband was not atypical or significantly harsh). The same is true of his allegations that he was denied participation in the Challenge Unit Program and psych classes. *See, e.g., Higgason v. Farley*, 83 F.3d 807, 809-810 (7th Cir. 1996) (the denial of access to educational programs does not infringe on a protected liberty interest, even if denied the opportunity to earn good time credits); *Garza v. Miller*, 688 F.2d 480, 485-86 (7th Cir. 1982) (there is no constitutional mandate that prisons must provide rehabilitative programs). Because Mr. Grau has failed to allege his confinement imposed an atypical or significant hardship, he has failed to allege a deprivation of any protected liberty interest, and so his due process claims must be dismissed.

As to Mr. Grau's retaliation claim, he has failed to plausibly allege facts supporting each element of his claim. To state a First Amendment retaliation claim, Mr. Grau must allege he engaged in protected activity, an adverse action was taken against him, and his protected conduct was at least a motivating factor of the adverse action. *Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020). He only alleges the defendants' actions have caused other staff to retaliate against him; he does not allege any specific facts regarding his protected conduct, the alleged acts of retaliation, who took those acts, or the relationship between the defendants and the other staff who retaliated against him. These allegations therefore are too vague to support a retaliation claim. *See Twombly*, 550 U.S. at 570.

### D. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow plaintiff to amend his complaint if, after reviewing this court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he

claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form.

Any amended complaint should have the proper case number, 2:22-cv-382-JPH-MG and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

### III. Conclusion

As discussed above, Mr. Grau's motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED**. He shall have **through October 12, 2022**, to pay an initial partial filing fee of Seven Dollars and Fifty Cents ($7.50). In addition, Mr. Grau's complaint has been screened as required by 28 U.S.C. § 1915A and is **DISMISSED**. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order. He will have **through October 12, 2022**, to file an amended complaint. Failure to take either of these steps may result in the dismissal of this action without further notice.

**SO ORDERED.**

Date: 9/16/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DALE A. GRAU
09307-030
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808